72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Roman F. SIQUEIROS, also known as Silverado, Appellant.
 No. 95-2491.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 7, 1995.
Filed Dec. 18, 1995.
 
 Before FAGG, LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roman F. Siqueiros challenges the 100-month sentence imposed by the district court[1] after he pleaded guilty to conspiracy to distribute and to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. Secs. 841(a) and 846. We affirm.
 
 
 2
 For sentencing purposes, Siqueiros stipulated he managed or supervised at least five individuals engaged in criminal activity, within the meaning of U.S.S.G. Sec. 3B1.1. On appeal, Siqueiros argues the district court erred in imposing an aggravating-role enhancement, as he did not profit from his criminal activity and thus the enhancement conflicts with commentary to section 3B1.1.
 
 
 3
 We review for clear error the district court's factual finding of Siqueiros's role in the offense. See United States v. Skorniak, 59 F.3d 750, 757 (8th Cir.1995), cert. denied, 64 U.S.L.W. 3348 (U.S. Nov. 13, 1995). Notwithstanding that "persons who exercise a supervisory or managerial role ... [may] tend to profit more from it," the enhancement "is included primarily because of concerns about relative responsibility." U.S.S.G. Sec. 3B1.1, comment. (backg'd). The fact that Siqueiros may not have profited from his activity does not preclude application of the enhancement; profit is only one factor the district court should consider. Cf. United States v. Farah, 991 F.2d 1065, 1070 (2d Cir.1993) (Sentencing Commission relegated profit factor to "no better than secondary importance" for purposes of determining defendant's aggravating role). Siqueiros's offense conduct--as described in his presentence report--adequately supports the conclusion that he managed or supervised criminal activity involving at least five participants. See U.S.S.G. Sec. 3B1.1(b). We conclude the district court did not clearly err in applying the enhancement.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri